IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AERIAL WILLIAMS,<br><br>  *Plaintiff,*<br><br>v.<br><br>WAL-MART STORES EAST, LP, *et al.,*<br><br>  *Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00151-TES |

## ORDER

Plaintiff Aerial Williams filed a Motion to Remand [Doc. 12] her case back to the

State Court of Athens-Clarke County, Georgia. [Doc. 12]. Defendant Wal-Mart Stores

East, LP ("Wal-Mart") removed this action under 28 U.S.C. §§ 1332(a) and 1441. [Doc. 1].

## BACKGROUND

This case is somewhat a procedural mess. So, the Court provides a detailed

procedural background to better understand its reasoning for this order.

Let's just start at the beginning. This case arises from a personal injury lawsuit

filed by Plaintiff concerning a slip and fall that occurred on August 20, 2023, at a Wal-

Mart store in Athens, Georgia. *See* [Doc. 1]. Plaintiff originally filed her case in the State

Court of Athens-Clarke County against Defendants Wal-Mart and Kyle Ross. [Doc. 15,

p. 2]. Defendants subsequently removed the action to this Court on September 27, 2024.

*See* Notice of Removal, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D.

Ga. Sept. 27, 2024), Dkt. No. 1. Defendants removed this case because Kyle Ross'

"citizenship should be disregarded for purposes of determining jurisdiction under 28

U.S.C. § 1441 because Plaintiff [had] no possibility of recovery against him and,

therefore, he [had] been fraudulently joined solely for the purpose of defeating federal

diversity jurisdiction . . . ." [*Id.* at pp. 3–4]. Ross, who had been originally named as a

defendant in this action due to his position as "Store Manager" at the subject Wal-Mart

store, was not working at the store on the date of the incident and his duties as store

manager did not apply while he was off duty. [*Id.* at p. 3]. Plaintiff had named Ross, a

Georgia citizen, to ensure there would be no diversity and thus no valid basis to

remove. On the other hand, Defendants sought to remove Ross as a party so that

complete diversity would exist among the remaining parties: Plaintiff, a citizen of

Georgia, and Defendant Wal-Mart, a citizen of both Delaware and Arkansas. [*Id.* at pp.

2– 4].

On October 15, 2024, Plaintiff filed a Motion to Remand the case back to the State

Court of Athens-Clarke County. *See* Motion to Remand, *Williams v. Walmart Stores East

LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Oct. 15, 2024), Dkt. No. 6. As mentioned above,

Plaintiff argued that the Court should remand her case because "as the store manager of

[the] subject Wal-Mart, Kyle Noel Ross [was] personally responsible for the incident

which caused Plaintiff[']s injuries and the death of her unborn child" and that because

Mr. Ross is a Georgia resident, there could be no complete diversity of citizenship

between the parties. [*Id.*]. The Court rejected that argument, found Ross to have been fraudulently joined, and denied Plaintiff's Motion to Remand. *See* Order Denying Motion to Remand, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Nov. 25, 2024), Dkt. No. 9. The Court's Order also dismissed Plaintiff's claims against Defendant Kyle Ross without prejudice. [*Id.*]. This left Plaintiff and Defendant Wal-Mart as the only parties to this action and restored complete diversity between the parties so that the Court had subject-matter jurisdiction over the case.

However, on March 4, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint. *See* Motion to Amend, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 4, 2025), Dkt. No. 20.  In the proposed amendment, Plaintiff sought to add Beth Stewart, a citizen of Georgia, as a defendant in this action, alleging she acted as assistant store manager at the time of the accident. *See* [*Id.*]. On March 31, 2025, this Court granted Plaintiff's Motion to Amend and remanded the case back to the State Court of Athens-Clarke County. *See* Order Granting Motion to Amend, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 31, 2025), Dkt. No. 24. In doing so, the Court found that it "[could not] conclude that there [was] no possibility that Plaintiff's Complaint state[d] a cause of action against [Beth] Stewart." [*Id.*]. It necessarily followed that with Beth Stewart now a party to this action, the Court lost subject-matter jurisdiction because there would no longer be complete diversity between the parties. [*Id.*].

3

So, the Court immediately remanded the case back to the State Court of Athens-Clarke County on March 31, 2025, over four months prior to the expiration of the statute of limitations, which was to run on August 20, 2025. *See* Order Granting Motion to Amend/Correct, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 31, 2025), Dkt. No. 24. Right or wrong, the Court assumed that Plaintiff would immediately file her proposed Amended Complaint in state court and the case would proceed as normal.[1]

After the remand on March 31, 2025, nothing happened. Specifically, Plaintiff never filed her Amended Complaint. But, after the relevant statute of limitations expired on August 20, 2025, things really got squirrely.

Because Plaintiff never filed her Amended Complaint that named Beth Stewart as a party, Plaintiff obviously never served her with process before the expiration of the statute of limitations. [Doc. 15, p. 2]. Even though she wasn't named as a party in any operative pleading, Stewart nonetheless filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment in the State Court of Athens-Clarke County on September 19, 2025, arguing that because she was never served with the Amended Complaint, she was not a proper party to the lawsuit. [Doc. 16, p. 1]. And, on the same day, before the State Court of Athens-Clarke County could rule on that motion,

---

[1] In hindsight, it would've been better to wait until Plaintiff actually filed her Amended Complaint in this Court before formally remanding the case to the State Court of Athens-Clarke County.

4

Defendants filed their Notice of Removal to transfer the case back to this Court. *See* [Doc. 1]. That obviously got Plaintiff's attention, and she finally filed her Amended Complaint in the State Court of Athens-Clarke County on September 22, 2025, three days *after* the case had been removed to this Court. [Doc. 16, p. 1].

On October 20, 2025, Plaintiff filed her Motion to Remand this case back to the State Court of Athens-Clarke County on the basis that Beth Stewart "is a Georgia resident" which "destroys Wal-Mart's claim of 'diversity of citizenship' between the Plaintiff and Defendants as required under 28 U.S.C. § 1332." [Doc. 12, p. 1]. Plaintiff ultimately perfected service of the Amended Complaint—only filed in the state court after removal—on Beth Stewart on October 29, 2025. [Doc. 16, p. 2].

This Court held a hearing on December 4, 2025, to hear argument on the Motion to Remand. [Doc. 17]. Despite the Court noting that the Plaintiff had yet to file her Amended Complaint in this court, she has perplexingly failed to do so to this day.

## DISCUSSION

The Court now finds itself as an unwilling participant in a game of judicial ping pong. The Court finds itself with a motion to dismiss a party to a complaint that was never filed in this court. Defendant Stewart says she was never served with a complaint that was filed in the state court after she and Wal-Mart removed the case back to federal court for the second time. Which begs the question: how can this court now dismiss her from a nonexistent complaint? In legal terms, it can't. Plaintiff wants the Court to

5

remand the case back to the state court because she says that Stewart is a party to the case due to the Amended Complaint she filed *after* the case was removed from state court and via that Amended Complaint, the Court lacks subject-matter jurisdiction to hear this case. Well, that can't be true because the operative pleading remains her original complaint that, at the moment, only has Stewart and Walmart as proper parties. For various reasons that should be obvious, the procedural background of this case makes for a procedural quagmire that is, in the most diplomatic of terms, less than ideal. There really is no good way to proceed that would be fair and equitable to all parties and the Court. Given this procedural hot mess that only the most diabolical of bar examiners could dream up, the Court relies on its considerable discretion and common sense to do rough justice to find a reasonable solution to finally get this case moving.

When the Court issued its Order granting Plaintiff's Motion to Amend her Complaint, the Court incorrectly assumed that Plaintiff would immediately file her Amended Complaint with the State Court of Athens-Clarke County. However, for some unexplained reason, that did not happen. Plaintiff did not file an amended complaint in the State Court of Athens-Clarke County until September 22, 2025, three days after Defendants removed this action back to this Court. As such, Plaintiff's filing of her Amended Complaint in the State Court of Athens-Clarke County is a legal nullity that has no bearing in this Court. *See* 28 U.S.C. § 1446(e). That proposed Amended

6

Complaint simply doesn't count in federal court. The operative complaint in this Court remains Plaintiff's original Complaint [*See* Notice of Removal, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Sept. 27, 2024), Dkt. No. 1] filed on September 27, 2024, sans Defendant Kyle Ross per the Court's November 25, 2024, Order [*See* Motion to Remand, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Nov. 25, 2024), Dkt. No. 9]. That leaves Plaintiff and Defendant Wal-Mart as the only current and proper parties to this action. This restores complete diversity among the parties and gives this Court subject-matter jurisdiction over this action.

With that being said, the Court clearly intended to allow Plaintiff to amend her complaint and join Beth Stewart as a party to this action as evidenced by the March 31, 2025 Order. In keeping with the Court's original intent, the Court finds that the best course of action is to allow Plaintiff an additional ten days to file the Amended Complaint that was included in her March 4, 2025 Motion to Amend in this Court. [*See* Motion to Amend, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 4, 2025), Dkt. No. 20]. No other version of the Amended Complaint will be accepted. If Plaintiff fails to file her Amended Complaint within ten days of this Order, she will forfeit her opportunity to do so and the Court will proceed without the proposed amendment — that is, without Beth Stewart as a defendant or party to this action. If Plaintiff does file her Amended Complaint within the next ten days, the Court will then remand this case back to the State Court of Athens-Clarke County. The Court

7

declines to rule on the parties' arguments concerning the lack of service on Beth Stewart within the statute of limitations period and will allow the more-than-capable State Court of Athens-Clarke County to rule on those matters—just as it would have last March had Plaintiff simply filed the Amended Complaint as she should have. If that court finds Beth Stewart to be properly joined and timely served, then it will allow Stewart to remain in the case and it will proceed there. Should that court decide Stewart isn't a party, then such a ruling will likely allow Wal-Mart to remove this case back to federal court for the third time, and it will proceed here. The Court sees no other way to proceed.

## CONCLUSION

As explained above, the Court **GRANTS** Plaintiff one last opportunity to file her Amended Complaint within ten days of this Order. Failure to do so will result in the denial of Plaintiff's Motion to Remand and the dismissal of Beth Stewart from this action. Should Plaintiff file the Amended Complaint that the Court already approved, the Court will remand her case back to the State Court of Athens-Clarke County. *See* Order Granting Motion to Amend, *Williams v. Walmart Stores East LP, et al.*, 3:24-cv-00095-TES (M.D. Ga. Mar. 31, 2025), Dkt. No. 24.

**SO ORDERED**, this 6th day of February, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

8